# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 1, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| GEORGE EASTON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1069V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Lawrence R. Cohan</u>, Anapol Weiss, Philadelphia, PA, for petitioner.
<u>Ilene C. Albala</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 26, 2016, George Easton ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that as a result of receiving a tetanus, diphtheria, pertussis ("Tdap") vaccine on October 2, 2015, he suffered Guillain-Barré Syndrome ("GBS").  Petition (ECF No. 1).  On April 6, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Stipulation (ECF No. 15).  A decision awarding compensation based on the parties' stipulation was issued that same day.  Decision (ECF No. 16).

On May 3, 2017, petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion (ECF No. 21).  Petitioner requests $27,099.00 in attorneys' fees and $2,302.04 in attorneys' costs, for a total attorneys' fees and costs request of $29,401.04.  Petitioner's Motion,

---

[1] Because this decision contains a reasoned explanation for my action in this case, I intend to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Tab 1 at 2.  In accordance with General Order Number 9, petitioner provided his signed statement that he has not incurred any fees or costs related to the prosecution of this claim. Petitioner's Motion, Tab 1 at 19.

On June 1, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs.  Respondent's Response (ECF No. 22).  Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case.  Respondent's Response at 2.  Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3 (internal footnote omitted).

## I.   Reasonable Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a.   Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347–58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.  With regard to determining reasonable hourly rates, I conducted a thorough analysis to determine appropriate hourly rates for work performed in the Program during 2015.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  McCulloch has been endorsed by all current special masters.  The Office of Special Masters has issued a fee schedule which updates the McCulloch rates, to account for inflation in subsequent years, which may be found on the court's website.[3]

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316–18 (2008).  Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d 1517 at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice

---

[3] See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

and opportunity to respond.  See <u>Sabella v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  See <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." <u>Saxton</u>, 3 F.3d at 1521 (citing <u>Farrar v. Sec'y of Health & Human Servs.</u>, 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i.    Reasonable Hourly Rates

Petitioner requests that Lawrence R. Cohan receive an hourly rate of $400.00. Petitioner's Motion, Tab 1 at 3, 14.  He requests that David Carney receive an hourly rate of $275.00, with an increase to $290.00 beginning on October 1, 2016.  <u>Id.</u>  He requests an hourly rate of $135.00 for paralegal Robin Puccio.  <u>Id.</u>  I agree that these rates are consistent with my reasoning in <u>McCulloch</u>, the OSM Fee Schedules updating the <u>McCulloch</u> rates for subsequent years, and my recent decision setting rates for these individuals in <u>M.G. v. Sec'y of Health & Human Servs.</u>, 15-344V, 2017 WL 1228701 (Fed. Cl. Spec. Mstr. Mar. 7, 2017).  These rates are also reasonable and are awarded in the present case.

### ii.    Hours Expended

Petitioner requests compensation for 9.4 hours entered by Mr. Cohan, 79.3 hours entered by Mr. Carney, and 6.7 hours entered by their paralegal.  Petitioner's Motion, Tab 1 at 1, 14. Petitioner submitted adequate billing records identifying the nature of each task, the person performing the task, and the increment of time.  Based on the lack of objection from respondent and my own review of the records, the time appears reasonable and will not be adjusted.

### b.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $2,302.04 in costs.  Petitioner's Motion, Tab 1 at 1.  These costs are associated with obtaining medical records, courier fees, and filing the claim.  Petitioner's Motion, Tab 1 at 16-17.  Based on a review of the submitted expenses, I find that the requested costs are reasonable and should be awarded in full.

## II. Conclusion

In accordance with the foregoing, the motion for attorneys' fees and costs is **GRANTED**. Attorneys' fees and costs are awarded as follows:

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$27,099.00** |
| <u>**Attorneys' Costs Awarded**</u> | <u>**$ 2,302.04**</u> |
| **Total Attorneys' Fees and Costs Awarded** | **$29,401.04** |

**Accordingly, I award a lump sum in the amount of $29,401.04, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, George Easton, and his counsel, Lawrence R. Cohan of Anapol Weiss, Esq.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  <u>See generally</u> <u>Beck v. Sec'y of Health & Human Servs.</u>, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.

4